IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ELIZABETH RAMIREZ                                                                                    PLAINTIFF

vs.                                          Civil No. 6:16-cv-06078

NANCY A. BERRYHILL                                                                                 DEFENDANT
Acting Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

  Elizabeth Ramirez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**  **<u>Background</u>:**

  Plaintiff protectively filed her disability application on July 8, 2013. (Tr. 8). In her application, Plaintiff alleges being disabled due to drug and alcohol addiction, arthritis, and anxiety. (Tr. 191). Plaintiff alleges an onset date of July 8, 2013. (Tr. 8). This application was denied initially and again upon reconsideration. (Tr. 50-85).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 104-106). The ALJ granted that request and held an administrative hearing on January 6, 2015 in Hot Springs, Arkansas. (Tr. 24-49). At that hearing, Plaintiff as present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 29). As for his level of education, Plaintiff testified she had obtained her GED. *Id.*

After this hearing, on May 14, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 5-18). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 8, 2013, her application date. (Tr. 10, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine status post fusion at C6-7; mild degenerative disc disease of the lumbar spine; fibromyalgia; carpal tunnel syndrome; affective disorder; and anxiety disorder. (Tr. 10, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10-12, Finding 3).

The ALJ considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 12-16, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> The claimant retains the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and push/or pull 10

2

> pounds occasionally and less than 10 pounds frequently. She can occasionally reach overhead with both left and right arms. The claimant retains the mental ability to understand, remember and carryout simple job instructions; make judgments in simple work related situations; respond appropriately to co-workers/supervisors with occasional incidental contact that is not necessary to perform the work; respond appropriately to minor changes in usual work routine; and have no dealings with the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff has no PRW. (Tr. 16, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 17-18, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform occupations such as the following (sedentary, unskilled): (1) inspector checker (ceramic tile inspector) with 30,000 such jobs in the nation, 6,000 such jobs in the region, and 700 such jobs in the state; and (2) inspector checker (circuit board inspector) with 35,000 such jobs in the nation, 7,000 such jobs in the region, and 700 such jobs in the state. (Tr. 17-18, Finding 9). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 8, 2013 (application date) through May 14, 2015 (ALJ's decision date). (Tr. 18, Finding 10).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 4). On June 6, 2016, the Appeals Council denied this request. (Tr. 1-3). Thereafter, on August 8, 2016, Plaintiff appealed the ALJ's unfavorable decision to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 9, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ripe for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ improperly determined her impairments did not meet the requirements of Listings 1.02(c)(d) (carpal tunnel syndrome) and 1.04 (cervical fusion and restless leg syndrome); and (B) the ALJ erred in assessing her RFC.  ECF No. 11 at 1-17.  The Court will address both of these arguments.

    **A.     Listings 1.02 and 1.04**

Plaintiff claims her impairments meet the requirements of the Listings 1.02 and 1.04.  ECF No. 11 at 1-17.  Listing 1.02 requires a demonstration of the following:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis instability) and chronic joint pain and stiffness with signs of

> limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imagining of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). . . .

Listing 1.04 requires a demonstration of the following:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. . . .

Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden on this issue.

Notably, Plaintiff has not demonstrated which "gross anatomical deformity" she has. Plaintiff has also not demonstrated which one of the "disorders of the spine" she has. Instead, in her briefing, Plaintiff claims she suffers from carpal tunnel syndrome and back and neck pain. ECF No. 11 at1-17. Plaintiff, however, again does not demonstrate *how* these impairments demonstrate she meets the *specific* requirements of these Listings. Without more, the Court cannot find Plaintiff has met her burden on this issue. Indeed, simply because Plaintiff suffers from a number of different impairments does not demonstrate she is disabled or that her impairments meet the requirements of Listings 1.02 and 1.04.

### B. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 11 at 13-17. In making this argument, Plaintiff again references her impairments and generally claims those impairments cause her to be disabled. *Id.* She argues she has "bilateral carpal tunnel syndrome, herniated disc at L3-4, failed neck surgery syndrome, and restless leg syndrome, bilaterally. Plaintiff cannot sit, stand, and

walk six hours in an eight hour day given these limitations." *Id.* Plaintiff also clams she "suffers symptoms from her fibromyalgia which is chronic and wide spread pain." *Id.*

In his opinion, however, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any *specific limitations* the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing her limitations.

For instance, Plaintiff claims she "cannot sit, stand, and walk six hours in an eight hour day" given her limitations, but she does not provide evidence demonstrating she has those limitations. Indeed, as the ALJ recognized, the following findings support his RFC determination:

> The record shows the claimant has a poor earnings record and has never worked at SGA levels. She has a history of drug addiction, but has been clean for the past several years. She also has a shoplift charge pending in court proceedings. The claimant alleges a very limited physical ability such as lifting a gallon of milk, standing a couple of hours, sitting only 30 minutes at a time and walk for two blocks. However, she reported an extensive list of activities of daily living that included driving, shopping for groceries, attending AA meetings, attending church on Sundays and Wednesdays. She takes her grandchild, for whom she is the legal guardian, to school. She performs household chores such as straighten up the house and washing dishes. The claimant handles her granddaughters' school issues. She has friends at church, a boyfriend and sees her brother on a regular basis. After the claimant's cervical fusion in 2013, she had several missed appointments. On January 3, 2014, she was seen at LEVI Hospital. She was noted to be doing well with the initial visits but then had several no shows in a row.

(Tr. 15.).

Again, without more, the Court cannot find the ALJ erred in assessing her RFC. As noted above, Plaintiff has the burden of demonstrated she is as limited as she alleges, and the mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE